```
Lumont Otis                    )
                               )
            Petitioner         )
                               )
     v.                        )
                               )   No. CR-09-0595-DLJ
United States of America,      )
                               )   ORDER
            Respondent.        )
_____)
```

Petitioner Lumont Otis ("Otis") was charged with being a felon in possession of a firearm or ammunition in violation of 18 U.S.C § 922(g). On October 23, 2009, Otis pled guilty pursuant to a plea agreement to a single count of possession of ammunition. He was sentenced by this Court on January 22, 2010. Otis has now filed a petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner's sole allegation in the petition is that he was provided ineffective assistance of counsel in that his counsel urged him to enter a plea agreement. Otis has separately filed a Petition for Release of Grand Jury Transcripts.

## I. APPLICABLE LAW

The Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA) governs all federal habeas petitions filed after the effective date of the AEDPA, April 25, 1996. *Woodford v. Farceau*, 538 U.S. 202, 204-207 (2003).

A prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of his conviction or his sentence must do so by way of a motion to vacate, set aside, or correct the sentence pursuant to 28

U.S.C. § 2255 in the court which imposed the sentence.

Under 28 U.S.C. § 2255, the federal sentencing court is authorized to grant relief if it concludes that the "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).

Generally, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."  *Massaro v. United States*, 538 U.S. 500, 504 (2003).  However, "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Id.* at 509.

An evidentiary hearing is not automatically required on every Section 2255 petition.  *Coco v. United States*, 569 F.2d 367, 369 (5th Cir. 1978).  A petitioner need not detail his evidence, but must make specific factual allegations which, if true, would entitle him to relief.  *United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004).  A hearing need not be ordered where, viewing the petition against the record, its allegations do not state a claim for relief or are so palpably incredible or so patently frivolous or false as to warrant summary dismissal.  *Id.*

Here, Otis asserts that his counsel was inadequate in urging him to sign a plea agreement before defendant had met

2

1  with a Probation Officer and a presentence report was prepared.
2  Defendant's understanding of Court procedures related to
3  sentencing appears to be faulty.  In no case is a full
4  presentence report prepared by the Probation Officer until a
5  defendant either has been convicted at trial or, as happened in
6  this case, pleads guilty.  As court procedures were followed in
7  this case, there was no error by counsel.

8  Defendant now also takes issue with what evidence he
9  believes the government could have introduced about the gun.
10 However, at the plea colloquy the Court asked defendant whether
11 he had discussed with counsel any defenses he might have had in
12 this case and whether defendant had any complaints about the
13 nature and quality of the service he had received from counsel.
14 Defendant did not express any concerns at that point which
15 indicated that the Court should not proceed with the plea.

16 In order to prevail on an ineffectiveness of counsel
17 claim, petitioner must establish two things.  First, he must
18 establish that counsel's performance was deficient, i.e., that
19 it fell below an "objective standard of reasonableness" under
20 prevailing professional norms.  *Strickland*, 466 U.S. at 687-88.
21 Second, he must establish that he was prejudiced by counsel's
22 deficient performance, i.e., that "there is a reasonable
23 probability that, but for counsel's unprofessional errors, the
24 result of the proceeding would have been different."  *Id*. at
25 694.

26 The relevant inquiry is not what defense counsel could
27 have done, but rather whether the choices made by defense

3

counsel were reasonable. *See Babbitt v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998). Judicial scrutiny of counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689; *Wildman v. Johnson*, 261 F.3d 832, 838 (9th Cir. 2001). It is unnecessary for a court considering a habeas ineffective assistance claim to address the prejudice prong of the Strickland test if the petitioner cannot even establish incompetence under the first prong. *See Siripongs v. Calderon*, 133 F.3d 732, 737 (9th Cir. 1998).

Here defendant has raised no errors by counsel for the Court to review. The fact that defendant now is second guessing whether he should have pled guilty does not raise the specter of ineffective assistance of counsel.

Otis has also subsequently filed two addendums to his original petition. In the first addendum Otis claims that there were discrepancies in his presentence report which led to overstatement of his criminal history category and that his counsel refused to pursue these alleged discrepancies.

Again, at the sentencing the Court routinely inquires whether defendant has reviewed the presentence report (PSR) and whether there are any factual errors. Had defendant raised any objections to the PSR at the sentencing hearing the Court would not have proceeded with the sentencing. Nor has Otis provided the Court currently with any specific evidence to support his assertions about the alleged discrepancies. Defendant's bald

4

assertion of ineffective assistance of counsel not supported by any factual allegations do not meet the standard for this Court to order an evidentiary hearing or to grant his habeas petition.

Finally, Otis has filed a petition for release of grand jury transcripts pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(ii). The basis for Otis' request is his allegation that the government presented false testimony to the grand jury. He argues that although the government never had physical possession of the gun or knowledge of its make and model, the government made allusions to the grand jury that they did possess the gun and knowledge of it. He argues that he reached his conclusions based upon statements of the government in the Indictment, in its Sentencing Memorandum and at the sentencing hearing. He does not identify any specific statements he relies upon.

He now wishes to have access to the grand jury transcript so that he can challenge his original Indictment. Otis's request fails for a variety of reasons.

First, as part of his plea agreement, Otis agreed not to collaterally attack his conviction. He now seeks release of the grand jury transcripts precisely for that purpose. Second, generally grand jury transcripts are to remain secret. Federal Rule of Criminal Procedure 6 provides for limited exception to that rule:

(3) Exceptions.

5

>    (A) Disclosure of a grand-jury matter--other than the grand jury's deliberations or any grand juror's vote--may be made to:
>
>    (i) an attorney for the government for use in performing that attorney's duty;
>
>    (ii) any government personnel--including those of a state, state subdivision, Indian tribe, or foreign government--that an attorney for the government considers necessary to assist in performing that attorney's duty to enforce federal criminal law; or
>
>    (iii) a person authorized by 18 U.S.C. § 3322.

Fed. R. Crim. P. 6.

Otis does not fit into any of the categories of exceptions which permit the release of grand jury transcripts. Moreover, the Court finds that there would also be no factual basis for releasing the transcripts, as Otis asserts that there the alleged false allusions by the government concerned possession of a gun. Even were Otis correct in this assertion and even if there were a basis for releasing the transcripts, which there is not, the transcripts are not relevant to Otis's sentence as Otis only pled to his separate possession of ammunition, not to possession of a gun.

For all of the foregoing reasons, the Court DENIES petitioner's Motion under 28 U.S.C. § 2255 to vacate his sentence and also DENIES his Petition for Release of Grand Jury Transcripts.

IT IS SO ORDERED.

Dated: October 11, 2011

D. Lowell Jensen
United States District Judge